

| Order Form (01/2005) | | | |
|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | |
| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 10 C 3541 | **DATE** | October 14, 2010 |
| **CASE TITLE** | Lashley v. Sampin | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS the Defendants' Motion to Dismiss (doc.#12).

■ [ For further details see below.]   Docketing to mail notice.

## STATEMENT

Louis Lashley sued several Chicago Police Officers and the City of Chicago. Lashley alleges that the officers fabricated evidence against him, causing Cook County, Illinois, prosecutors to try him for murder. Lashley claims that in creating a false story and fabricating inculpatory evidence the officers violated his due process rights. Lashley also raises a state law claim for the intentional infliction of emotional distress and a claim against the City of Chicago under the Local Governmental and Governmental Employees Tort Immunity Act. The Defendants move to dismiss.

The Seventh Circuit has repeatedly held that the due process clause does not support a constitutional tort for malicious prosecution where state law provides a parallel remedy. *Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). Moreover, a plaintiff may not use creative pleading, avoiding overt reference to malicious prosecution, to transform a malicious prosecution claim into a federal due process claim. *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009). In *Brooks*, the plaintiff alleged that "criminal proceedings were instituted against him based on false evidence or testimony [and that] such a claim is, in essence, one for malicious prosecution, rather than a due process violation." *Id.* (internal quotation marks omitted). Lashley cannot avoid this Circuit's precedent merely by mislabeling his claims.

Lashley's allegations clearly evoke a malicious prosecution claim. He alleges that the officers created a false story and fabricated inculpatory evidence knowing that prosecutors would rely on it when deciding whether to prosecute him. Lashley recognizes that the due process clause does not support a constitutional tort for malicious prosecution and suggests instead that the officers violated his right to a fair trial. Lashley's argument

# STATEMENT

seems to suggest that the officers committed a *Brady* violation by fabricating evidence. The Seventh Circuit, however, has rejected *Brady* claims based on allegations that officers are "suppressing" evidence of the truth by making false statements. *Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007).

Seventh Circuit precedent bars any constitutional claim for malicious prosecution and also bars any *Brady* claim based upon the officers' fabrication of evidence. Lashley points to no other facts that support his claim that the officers violated his right to a fair trial. Thus, Lashley has failed to state a claim under § 1983 and the Court dismisses Count I of his Complaint. Because Lashley's federal claim was insubstantial — prior Seventh Circuit decisions inescapably rendered it frivolous — the Court must also dismiss his state law claims for lack of jurisdiction. *Avila v. Pappas*, 591 F.3d 552, 553-554 (7th Cir. 2010).

Wm. J. Hibbler